**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EIGEN SYSTEMS LIMITED, KINETIC ENGINEERING DESIGNS LIMITED and KINETIC CUTTING SYSTEMS, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 26-888-MN |
| MESSER CUTTING SYSTEMS, INC., | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT MESSER CUTTING SYSTEMS, INC.'S**
**PARTIAL MOTION TO DISMISS**


*Of Counsel:*

John C. Scheller (admitted *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
One S Pinckney St., Suite 700
Madison, WI 53703
(608) 257-3501
jcscheller@michaelbest.com

J. Ryan Gray (admitted *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
4509 Creedmoor Road, Suite 501
Raleigh, NC 27612
(984) 220-8750
jrgray@michaelbest.com

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendant Messer Cutting Systems, Inc.*


Dated: October 2, 2026

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................................1

ARGUMENT ........................................................................................................................2

A. Plaintiffs' Claim Construction Argument Does Not Preclude Dismissal ............... 2

B. *Alice* Step One: Messer's Level of Abstraction Is Appropriate............................. 3

C. Plaintiffs' Attempts to Distinguish Messer's Authorities Fail............................... 6

D. *Alice* Step Two: Plaintiffs' Allegations Do Not Preclude Dismissal..................... 7

E. Claim 1 Is Representative ...................................................................... 10

CONCLUSION.....................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
882 F.3d 1121 (Fed. Cir. 2018) .......... 9

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
97 F.4th 1371 (Fed. Cir. 2024) .......... 3

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
573 U.S. 208 (2014) .......... 1, 5, 7

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
967 F.3d 1285 (Fed. Cir. 2020) .......... passim

*Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*,
841 F.3d 1288 (Fed. Cir. 2016) .......... 9

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
788 F.3d 1371 (Fed. Cir. 2015) .......... 7

*Berkheimer v. HP Inc.*,
881 F.3d 1360 (Fed. Cir. 2018) .......... 3, 8, 9, 10

*Brunswick Corp. v. Volvo Penta of the Ams., LLC*,
640 F. Supp. 3d 498 (E.D. Va. 2022) .......... 6, 7

*BSG Tech LLC v. BuySeasons, Inc.*,
899 F.3d 1281 (Fed. Cir. 2018) .......... 7

*Ceiva Opco, LLC v. Amazon.com, Inc.*,
2026 U.S. App. LEXIS 21860 (Fed. Cir. July 23, 2026) .......... 8

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
927 F.3d 1306 (Fed. Cir. 2019) .......... 9

*Contour IP Holding LLC v. GoPro, Inc.*,
113 F.4th 1373 (Fed. Cir. 2024) .......... 4, 5, 6, 7

*Coop. Ent., Inc. v. Kollective Tech., Inc.*,
50 F.4th 127 (Fed. Cir. 2022) .......... 9

*Diamond v. Diehr*,
450 U.S. 175 (1981) .......... 4

*Digit. Media Tech. Holdings, LLC v. Digit. Cinema Distrib. Coal., LLC*,
2025 U.S. Dist. LEXIS 187597 (D. Del. Sep. 24, 2025), *appeal filed*, No. 26-1093 (Fed. Cir. filed Oct. 24, 2025) ........ 10

*Elec. Power Grp., LLC v. Alstom S.A.*,
830 F.3d 1350 (Fed. Cir. 2016) ........ 6

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
839 F.3d 1089 (Fed. Cir. 2016) ........ 6

*In re TLI Commc'ns LLC Patent Litig.*,
823 F.3d 607 (Fed. Cir. 2016) ........ 5, 6

*In re Wright*,
999 F.2d 1557 (Fed. Cir. 1993) ........ 2

*Indentitii Ltd. v. JPMorgan Chase & Co.*,
2026 U.S. Dist. LEXIS 120644 (D. Del. May 29, 2026) ........ 10

*Lab Tech. LLC v. Greenlight Fin. Tech., Inc.*,
2026 U.S. Dist. LEXIS 164126 (D. Del. July 23, 2026) ........ 10

*MyMail Ltd. v. ooVoo, LLC*,
934 F.3d 1373 (Fed. Cir. 2019) ........ 3

*PowerBlock Holdings, Inc. v. iFit, Inc.*,
146 F.4th 1366 (Fed. Cir. 2025) ........ 4, 5, 7

*Yu v. Apple Inc.*,
1 F.4th 1040 (Fed. Cir. 2021) ........ 5

**STATUTES**

35 U.S.C. § 101 ........ 1, 2, 10

## INTRODUCTION

Plaintiffs' opposition confirms what Messer's opening brief showed: claim 1 of the '158 patent claims a result – compensating for plate deflection so that drilling or cutting depth is maintained – without ever saying how that result is achieved. (*See* D.I. 12 at 1.) Plaintiffs offer procedural objections, labels, and promises of future discovery, but never identify any claim language or disclosure explaining how the claimed "control means" or its corresponding structures detect plate deflection or compute the necessary correction. That void is dispositive. Claim 1, therefore, is ineligible under 35 U.S.C. § 101, and Count 1 should be dismissed with prejudice for the reasons set forth in Messer's opening brief and the following reasons:

First, claim construction is no obstacle. For purposes of this motion only, Messer accepts the corresponding structures Plaintiffs identify for the "means" terms under 35 U.S.C. § 112 ¶ 6. (*See* D.I. 18 at 10.) Even under Plaintiffs' proposed construction, claim 1 states a functional result without identifying how it is achieved – the eligibility "how" that *Am. Axle* requires. Moreover, Plaintiffs identify no fact that expert discovery could reveal that would change the outcome.

Second, at *Alice* step one, Messer's level of abstraction is correct. The examiner's stated reason for allowance establishes that the control system, motor, ball screw, clamp foot, and sensing mechanism all existed in the prior art, and that the only basis for allowance was when compensation occurred – during drilling. (*See* D.I. 13-1 at 5.) When compensation occurs is a result, not a mechanism. Such a results-focused claim is ineligible.

Third, Plaintiffs' attempts to distinguish Messer's authorities fail.

Fourth, at *Alice* step two, Plaintiffs cannot identify an inventive concept, beyond the abstract idea itself, that transforms the nature of the claim into a patent eligible application. The

abstract compensation idea cannot supply the inventive concept and the coordinated partial retraction Plaintiffs tout as the improvement is not claimed.

Finally, claim 1 is representative. Plaintiffs identify no dependent claim limitation that is materially distinct for § 101 purposes, and under Plaintiffs' own construction the limitations of claims 2-5 are already encompassed in claim 1.

At bottom, because claim 1 is directed to an abstract idea and lacks any inventive concept, the Court should grant Messer's motion and dismiss Count 1 with prejudice.

## ARGUMENT

### A. Plaintiffs' Claim Construction Argument Does Not Preclude Dismissal

Plaintiffs argue that Messer's motion cannot be decided without addressing the scope of the claim's "means" terms.[1] (D.I. 18 at 10-11.) The Court need not resolve the scope of the "means" terms because, for purposes of this motion only, Messer accepts the corresponding structures Plaintiffs identify. (*See* D.I. 18 at 10.)

The Federal Circuit has explained that there are "two different 'how' requirements in patent law" – eligibility and enablement. *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1302 (Fed. Cir. 2019). For eligibility, "the claim itself (whether by its own words or by statutory incorporation of specification details under section 112 [¶ 6]) must go beyond stating a functional result; it must identify 'how' that functional result is achieved[.]" *Id*. "Enablement is concerned with whether 'the specification . . . teaches those skilled in the art how to make and use the full scope of the claimed invention.'" *Id*. (quoting *In re Wright*, 999 F.2d 1557, 1561 (Fed. Cir. 1993)). Contrary to Plaintiffs' argument, Messer relies only on the eligibility "how." (*See* D.I. 18 at 12.)

[1] The "means" terms refer to "control means," "activation means," "moving means," and "clamp foot means" in claim 1.

That is, claim 1 fails under *Am. Axle* because it states a functional result ("control means can compensate and ensure the drilling or cutting depth is maintained") and neither the claim nor the specification identifies how the control means or its corresponding structures detect plate deflection or compute the necessary correction.

*MyMail* is distinguishable because Messer adopts Plaintiffs' proposed construction for purposes of this motion. *MyMail Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1380 (Fed. Cir. 2019). Given Messer's agreement, there is no need to "defer the § 101 issue until after claim construction." (D.I. 18 at 3.) While Plaintiffs argue the issue should be deferred until after expert discovery (*id*.), Plaintiffs have not identified any fact that expert discovery would reveal that would change the outcome. Their representativeness argument only promises that discovery "will show" that mechanical limitations have a particular meaning to one of ordinary skill in the art. (*Id*. at 19.) But "not every § 101 determination contains genuine disputes over the underlying facts[.]" *Berkheimer v. HP Inc*., 881 F.3d 1360, 1368 (Fed. Cir. 2018).

**B. *Alice* Step One: Messer's Level of Abstraction Is Appropriate**

At step one, courts examine the "focus of the claimed advance over the prior art." *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1378 (Fed. Cir. 2024) (quotation omitted). In doing so, courts must "determine if the claim's character as a whole is directed to ineligible subject matter by considering the claim limitations that are purported to describe the claimed advance over the prior art." *Id*. (citation omitted).

Here, the examiner's stated reason for allowance establishes that Gudow (representative of the closest prior art identified during prosecution) already had a motor, a ball screw feeding the spindle, a clamp foot, and systems that monitored arbor and foot movement and sent that information to a control system. (D.I. 13-1 at 5.) This establishes that the motor, control system,

ball screw, clamp foot, and sensing mechanism all predate the '158 patent. The examiner also noted that Gudow could measure the location of the tool in the spindle and could compensate for tip placement before the bit enters a wavy workpiece. (*Id.*) The only stated reason for allowance of claim 1 was ***when*** compensation occurred (*i.e.*, during drilling). (*See id.*) As a result, there can be no dispute that the relevant claim limitation to consider at step one is the claimed compensation limitation. And when compensation occurs is a result – not a mechanism.

Plaintiffs accuse Messer of asking the Court to read out or ignore limitations (*see* D.I. 18 at 12-14) and repurposing the novelty analysis supporting allowance "to dissect the claim under § 101." (*See id.* at 14, 18.) Messer does not ignore the control system, motor, ball screw, and clamp foot. According to the examiner, these elements *predate* the '158 patent. (D.I. 13-1 at 5.) Moreover, Gudow already had a control system coordinating monitored arbor and foot movement, so coordination was not the advance identified by the examiner. (*See id.*) At bottom, Messer uses the examiner's statement to identify "the focus of the claimed advance over the prior art" (*i.e.*, when compensation occurred) – not to decide novelty – which Plaintiffs' own cases establish is the correct inquiry. *See Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373, 1379 (Fed. Cir. 2024) (claim was directed to specific means – parallel data stream recording with low-quality recording wirelessly transferred to a remote device – which provided technological improvement to real time viewing capabilities of POV Camera's recordings on remote device). As a result, Messer's proposed level of abstraction is correct.

Plaintiffs rely on *Diamond v. Diehr* and *PowerBlock Holdings, Inc. v. iFit, Inc.* to support their argument that Messer's level of abstraction is foreclosed. (D.I. 18 at 13-14.) But *Diehr* "involved a new rubber-curing process with a specific and detailed series of steps." *Am. Axle*, 967 F.3d at 1291 (citing *Diehr*, 450 U.S. 175, 187-88, 191-92 (1981)). And in *PowerBlock*, the claimed

structure itself produced the result (*i.e.*, the recited motor physically moved the recited selector). 146 F.4th 1366, 1372 (Fed. Cir. 2025). Here, the recited result, compensating to maintain depth during unexpected deflection, requires two things the claim does not supply: (1) detecting how far the plate has moved, and (2) computing the correction. (D.I. 1-1 ('158 patent) at claim 1.) *See supra* at 2-3.

Plaintiffs next argue Messer's level of abstraction is erroneous because claim 1 "claims a machine" and "[n]o human can perform those claimed machine operations mentally or with pencil and paper." (D.I. 18 at 14.) The fact that the claims recite a physical device in connection with an abstract idea does not render them patent eligible. *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016); *Yu v. Apple Inc.*, 1 F.4th 1040, 1043-44 & n.2 (Fed. Cir. 2021) (quoting *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 224 (2014)). Moreover, abstraction is not limited to mental processes; § 101 asks whether the claim states a result without any means, not whether a human could perform it. *See Am. Axle*, 967 F.3d at 1295 ("The Supreme Court has long held that claims that state a goal without a solution are patent ineligible.").

Plaintiffs also argue "Messer's abstraction [] discards the claim's final coordinated-motion limitation." (D.I. 18 at 14.) This is incorrect. Messer's abstraction properly focuses on the claimed advance as identified by the examiner, which is the appropriate inquiry at step one. The examiner's reason for allowance confirms that the claimed advance was claim 1's compensation concept. *See supra* at 3-4. This is the very level of abstraction identified by Messer.

Plaintiffs' contention that claim 1 is similar to the claims at issue in *Contour* because it "changes how a drilling and clamping machine operates through a specific combination and coordinated sequence" (D.I. 18 at 15) is unavailing. In *Contour*, the Federal Circuit relied on a claim construction requiring recording multiple video streams "in parallel," which excluded other

approaches such as generating streams "in sequence" and, therefore, confined the claim to a "specific means or method that improves the relevant technology." *Contour*, 113 F.4th at 1379. Here, under Plaintiffs' § 112 ¶ 6 construction, claim 1 covers any servo controlled clamping assembly that compensates for plate movement by any method.

**C. Plaintiffs' Attempts to Distinguish Messer's Authorities Fail**

Plaintiffs' attempts to distinguish *Elec. Power Grp.*, *TLI Commc'ns*, and *FairWarning* are unavailing. These cases establish that results-focused language of the type in claim 1 is the hallmark of an abstract claim, and that the use of tangible, known components that merely provide a generic environment for an abstract idea does not confer eligibility. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016) ("the focus of the claims is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools."); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1095 (Fed. Cir. 2016) ("While the claimed system and method certainly purport to accelerate the process of analyzing audit log data, the speed increase comes from the capabilities of a general-purpose computer, rather than the patented method itself."); *TLI Commc'ns*, 823 F.3d at 611 (holding that recited "concrete, tangible components such as 'a telephone unit' and a 'server,' . . . merely provide a generic environment in which to carry out the abstract idea"). (*See* D.I. 12 at 11-14.)

Plaintiffs also attempt to distinguish *Am. Axle* on the ground that the claim at issue invoked a natural law. *Am. Axle* adopted the reasoning from results-focused abstract idea cases and applied it to natural laws. *Am. Axle*, 967 F.3d at 1296-97. It did not limit its principles to natural law claims.

Plaintiffs attempt to dismiss *Brunswick Corp. v. Volvo Penta of the Ams., LLC*, 640 F. Supp. 3d 498, 513-14 (E.D. Va. 2022) as "an out-of-circuit district-court decision" that "predates both *Contour* and *PowerBlock*." (D.I. 18 at 16.) As explained above, both *PowerBlock* and

*Contour* are readily distinguishable, but *Brunswick* remains highly persuasive. Here, as in *Brunswick*, the claimed "compensation" result necessarily depends on an undisclosed computational step that the patent does not supply. Plaintiffs also attempt to distinguish *Brunswick* by arguing that claim 1 "does not preempt every form of machine control or every means of compensating for movement." (D.I. 18 at 16.) But "[w]hile preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015). In any event, under Plaintiffs' § 112 ¶ 6 construction, claim 1 covers any servo controlled clamping assembly that compensates for plate movement by any method. *Supra* at 5-6.

**D. *Alice* Step Two: Plaintiffs' Allegations Do Not Preclude Dismissal**

Plaintiffs assert the examiner's reason for allowance relates only to the operation of a physical machine and therefore has no bearing on whether claim 1 is directed to an abstract idea. (D.I. 18 at 18.) But this misses the crux of Messer's argument. The examiner expressly identified when compensation occurred as the feature that justified allowance of the claim. (D.I. 13-1 at 5.) Thus, if the Court determines that claim 1 is directed to the compensation function at *Alice* step one, Plaintiffs cannot rely on the same feature as the inventive concept at step two. Doing so would collapse the *Alice* inquiry and violate Federal Circuit precedent holding that an abstract idea cannot supply the inventive concept necessary for patent eligibility. *See BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018). Because the examiner's only stated reason for allowance was the compensation function, claim 1 necessarily fails step two if the Court concludes that the compensation function is an abstract idea.

Plaintiffs assert that Messer's alleged copying, and the allegation that the invention's performance benefits purportedly drive customer purchases demonstrate inventiveness. (*See* D.I.

18 at 8, 17.) But "questions of nonobviousness such as secondary considerations" (*i.e.*, copying and commercial success) "are irrelevant when considering eligibility." *Ceiva Opco, LLC v. Amazon.com, Inc.*, 2026 U.S. App. LEXIS 21860, at *19 (Fed. Cir. July 23, 2026).

Plaintiffs' argument that "the claimed ordered combination . . . preclude[s] dismissal at Step Two" also fails. (D.I. 18 at 16.) Namely, Plaintiffs assert the ordered combination is identified in the specification as the corresponding "closed-loop servo, motor, gearing, ball-screw, guide, and clamp structures[.]" (*Id*. at 16-17.) Critically, however, each of these individual structures was known and conventional, and the specification does not state that the claimed ordered combination was non-conventional or non-generic. ('158 patent at 1:11-19; 1:33-36; D.I. 12 at 18-19.)

Plaintiffs assert the allegations in the Complaint "plausibly allege a concrete, nonconventional ordered combination and a technological improvement." (D.I. 18 at 17.) But the identified improvement – coordinating "partial retraction and movement" – is not a claimed feature; claim 1 says nothing about partial retraction. (*See* '158 patent at claim 1.) Accordingly, even if the coordinated partial retraction is indeed an inventive concept as Plaintiffs assert, claim 1 remains ineligible because it does not capture the supposedly inventive concept. *See Berkheimer*, 881 F.3d at 1370 (finding claims 1-3 and 9 ineligible because they did not "capture the purportedly inventive concepts" disclosed in the specification).

Further, Plaintiffs' reliance on their allegations regarding how the accused products purportedly infringe the '158 patent does not show the '158 patent contains a "nonconventional ordered combination." (D.I. 18 at 17.) Rather, the allegations describe how Messer's accused product allegedly works – not what was conventional at the time the '158 patent was applied for. For example, the Complaint alleges the accused product's servo motors provide information about rotations of motors to the controller. (D.I. 1 ¶ 38 (pp. 14-15).) But this is textbook servo feedback,

further supporting that claim 1 does not supply an inventive concept at step two.

Additionally, Plaintiffs quote the '158 patent's listed advantages to "establish the technological improvements" at step two. (D.I. 18 at 17.) But the list merely includes results and generic benefits that come from general-purpose computing. (*See id.*) As *Am. Axle* acknowledged, "a result, even an innovative result, is not itself patentable." *Am. Axle*, 967 F.3d at 1296 n.7 (citation omitted).

Plaintiffs rely on *Coop. Ent.*, *Amdocs*, *Cellspin*, *Aatrix*, and *Berkheimer* to support their arguments at step two. (D.I. 18 at 17-18.) These cases are distinguishable as the complaint's allegations or the specification tied the asserted inventive concept to a specific claim limitation. *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130-35 (Fed. Cir. 2022) ("Claim 1 recites the allegedly inventive concept"); *Amdocs (Isr.) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1301 (Fed. Cir. 2016) (claim recited an inventive concept "narrowly drawn to not preempt any and all generic enhancement of data in a similar system"); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316-17 (Fed. Cir. 2019) (plaintiff "identif[ied] several ways in which its application of capturing, transferring, and publishing data was unconventional" and explained how "its specific ordered combination of elements was inventive"); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) (finding "concrete allegations in the second amended complaint that individual elements and the claimed combination are not well-understood, routine, or conventional activity" and "concrete allegations regarding the claimed combination's improvement to the functioning of the computer"). Here, the only claimed feature the examiner found to be new is the compensation result, and the time-savings aspect identified by Plaintiffs comes from an unclaimed feature. *Supra* at 4, 7, 8. Moreover, *Berkheimer* specifically cautioned that "not every § 101 determination contains genuine disputes over the underlying facts material

to the § 101 inquiry." *Berkheimer*, 881 F.3d at 1368.

### E. Claim 1 Is Representative

Plaintiffs contend the Court "need not reach any broader representativeness question." (D.I. 18 at 19.) But representativeness is a threshold issue that must be addressed before the Court reaches the merits of a § 101 challenge. *See Indentitii Ltd. v. JPMorgan Chase & Co.*, 2026 U.S. Dist. LEXIS 120644, at *8 (D. Del. May 29, 2026).

Plaintiffs identify no dependent claim limitation that is materially distinct from claim 1 for purposes of § 101. In fact, under Plaintiffs' § 112 ¶ 6 construction, the limitations in claims 2-5 are already encompassed in claim 1. (*See* D.I. 18 at 10, 19.) *See Digit. Media Tech. Holdings, LLC v. Digit. Cinema Distrib. Coal., LLC*, 2025 U.S. Dist. LEXIS 187597, at *13 (D. Del. Sep. 24, 2025), *appeal filed*, No. 26-1093 (Fed. Cir. filed Oct. 24, 2025).[2] Contrary to Plaintiffs' assertion, claims 6-10 do not "add additional requirements to the 'clamp foot means' disclosed in [c]laim 5." (D.I. 18 at 19.) Rather they add support means, power means, housing, and operative connections. ('158 patent at claims 6-9.) And claim 10 merely recites functional sequencing in result-oriented terms. (*Id*. at claim 10.)

## CONCLUSION

For the foregoing reasons and the reasons set forth in its opening brief, Messer respectfully requests that the Court grant its motion, find the '158 patent is patent ineligible under § 101, and dismiss Count 1 of Plaintiffs' Complaint with prejudice.

---

[2] Plaintiffs do not distinguish *Digit. Media Tech.* or any other case relied on by Messer to assert that claim 1 is representative of the '158 patent's claims. (*See* D.I. 12 at 9.) That omission is telling. Their opposition identifies no claim-specific limitation warranting separate consideration and instead relies on the unsupported assertion that discovery might eventually reveal one. (D.I. 18 at 19.)

Dated: October 2, 2026

Respectfully submitted,

*/s/ David A. Bilson*

John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS, MCLAUGHLIN & HALL P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pmhdelaw.com
dab@pmhdelaw.com
(302) 655-4200

John C. Scheller (admitted *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
jcscheller@michaelbest.com
(608) 257-3501

J. Ryan Gray (admitted *pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
4509 Creedmoor Road, Suite 501
Raleigh, NC 27612
jrgray@michaelbest.com
(984) 220-8750

*Attorneys for Defendant*
*Messer Cutting Systems, Inc.*